JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas E. Perez, Secretary of Labor, United States Dept. of Labor

## DEFENDANTS
Southwestern Bell Telephone Company

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Jackson
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Aaron J. Rittmaster, U.S. Dept of Labor, Two Pershing Sq. Bldg., 2300 Main Street, Suite 1020, Kansas City, MO 64108; 816.285.7260

Attorneys *(If Known)*
Chris Bourgeacq, General Attorney - Labor/H/R, AT&T Services, Inc., 4544 South Lamar MS4401-LR, Austin, TX 78745; 512.436.7269

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☒ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 11(c) of the Occupational Safety and Health Act of 1970, (84 Stat. 1590, 29 U.S.C. 651 et seq.)
Brief description of cause:
Discrimination due to exercise of rights under the OSH Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/02/2014
SIGNATURE OF ATTORNEY OF RECORD: /s/ Aaron J. Rittmaster

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

THOMAS E. PEREZ,
Secretary of Labor,
United States Department of Labor,

              Plaintiff,              Civil Action No. 4:14-cv-398

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, a Corporation

              Defendant.

## COMPLAINT

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action for injunctive and other relief pursuant to the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970 (the Act) (84 Stat. 1590, 29 U.S.C. 651 et seq.).

**I.**

Jurisdiction of this action is conferred upon the Court by Section 11(c) (2), (29 U.S.C. § 660(c) (2)) of the Act.

**II.**

Defendant, Southwestern Bell Telephone Company, doing business as AT&T, for the time pertinent herein, was engaged in providing communications and entertainment services, at various locations throughout the Greater Kansas City

metropolitan area in Missouri and Kansas, dispatching the complaining employees referenced herein from a variety of offices and to a variety of remote work locations within the jurisdiction of this Court.

### III.

(a) David Flores has been employed by Defendant from 1996 to the present date, as a customer service technician (CST) at Defendant's workplace located 134 North Gallatin, Liberty, Missouri.

(b) Mr. Flores was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c) On August 3, 2011, Flores reported a work-related injury to his supervisor, Josh Homan. The injury occurred while Flores was on a residential service call. His feet became tangled in weeds, and he suffered a broken wrist from using his hands to break his fall.

(d) As a result of the work-related injury, Flores sought medical treatment on August 3, 2011, and was not released back to work by his doctor until October 2, 2011.

(e) On August 4, 2011, Defendant conducted an investigation of Flores' accident in Flores' absence. Defendant's accident investigation identifies no causal factors for Flores' accident, other than to note the presence of weeds and vines on the ground. However, the investigation concludes that Flores should be placed on a formal step of discipline upon returning to work.

(f) On October 18, 2011 Flores returned to work and was given a Performance Notice, the first step on a disciplinary chain that can lead to termination. The Performance Notice identifies Flores falling and fracturing his wrist as the problem

and designates Flores as the employee who must solve the problem, and indicates that failure to prevent falls in the future could result in Flores' dismissal.

(g) On March 14, 2012, Flores received his Annual Performance Review for calendar year 2011. Despite meeting all performance metrics related to work attendance and performance of work tasks, Flores received a final performance rating for the year of "Do Not Meet Expectations." The sole basis for that rating was that Flores had, "One or more Non-Compliant Accidents."

(h) On or about March 20, 2012, Flores lodged a formal complaint with Plaintiff alleging that Defendant discriminated against him in violation of Section 11(c)(1) of the Act, in that Defendant disciplined Flores for reporting a work-related injury.

(i) Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## IV.

(a) James Garrison has been employed by Defendant from 2007 to the present date, as a premises technician at Defendant's workplace located at 6209 N. Bell Road, Parkville, Missouri.

(b) Mr. Garrison was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c) On January 11, 2011, Garrison reported a work-related injury to his supervisor, Roger Frederick. The injury occurred while Garrison was completing a service call and returning tools to his truck at a customer's premises at 9400 E. 60th Terrace, Raytown, Missouri. Garrison stepped into a snow-covered depression in the pavement, hyperextending his knee.

(d) As a result of the work-related injury, Garrison sought medical treatment and did not return to work for approximately ten days.

(e) On January 22, 2012, Defendant conducted an investigation of Garrison's accident. Defendant determined that Garrison had violated its policy walking in slippery conditions, alleging that Garrison, "should have used more caution when walking during slippery conditions" and concluding that Garrison was therefore at fault for the accident.

(f) On February 29, 2012, Garrison was issued an off-cycle annual performance appraisal. The appraisal rated Garrison's performance as "below expectations." The sole basis for Garrison's "below expectations" rating was that he had reported a workplace injury.

(g) On March 29, 2012, Garrison lodged a formal complaint with Plaintiff alleging that Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant assigned a "below expectations" performance rating to Garrison for reporting a work-related injury.

(h) Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

V.

(a) Thomas Warren has been employed by Defendant from September 2007 to the present date, as a Premises Technician at Defendant's workplace located at 9444 Nall Avenue, Overland Park, Kansas.

(b) Mr. Warren was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

4

(c) On May 23, 2012, Warren reported a work-related injury to his supervisor, Michael Hornbostel. The injury occurred while Warren was wrapping up work at a customer work site located at 10200 W. 80th St., Overland Park, Kansas. Warren stepped on a sunken section of pavement in an apartment complex parking lot and turned his ankle.

(d) As a result of the work-related injury, Warren was withheld from full duty until June 6, 2012.

(e) On June 6, 2012, Defendant conducted an investigation of Warren's accident. Defendant determined that Warren had violated its policy on prevention in that Warren failed to conduct a proper site survey and was not aware of his surroundings. Defendant acknowledged that Warren was wearing proper footwear.

(f) On June 15, 2012, Defendant issued a Level Two-Written Reminder to Warren, for failing to follow the "Slips, Trips and Falls Prevention" policy, skipping the initial step in the disciplinary program of issuing a Performance Notice.

(g) On or about June 21, 2012, Warren lodged a formal complaint with Plaintiff alleging that Defendant discriminated against him in violation of Section 11(c)(1) of the Act, in that Defendant disciplined Warren for reporting a work-related injury.

(h) Plaintiff thereafter investigated the above complaint in accordance with Section 11(c)(2) of the Act.

## VI.

(a) Raymond Courtney has been employed by Defendant from October 14, 2011 to the present date, as a Premises Technician at Defendant's workplace located at 547 East 19th Street, Lawrence, Kansas.

(b) Mr. Courtney was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c) On October 3, 2012, Courtney reported a work-related injury to his supervisor, Bret Sayre. The injury occurred while Courtney was working outside a customer's residence at 805 W. 5th Street, Ottawa, Kansas. Courtney bent over and reached for a bag of zip ties that was located on the ground and injured his back.

(d) As a result of the work-related injury, Courtney sought medical treatment on October 3, 2012, and was placed on medical leave by the doctor until October 25, 2012.

(e) On October 29, 2012, Defendant conducted an investigation of Courtney's accident. Defendant determined that Courtney had violated its policy on bending and lifting safety procedures.

(f) Also on October 29, 2012, Courtney was issued a Performance Notice, the first step on Defendant's progressive discipline policy.

(g) On November 5, 2012, Courtney lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c)(1) of the Act, in that Defendant disciplined Courtney for reporting a work-related injury.

(h) Plaintiff thereafter investigated the above complaint in accordance with Section 11(c)(2) of the Act.

(i) On November 28, 2012, subsequent to filing his OSHA 11(c) complaint, Courtney was subjected to unprecedented scrutiny by his supervisor, Sayre. Sayre

appeared unannounced at a remote worksite at which Courtney was performing installation work and monitored the manner in which Courtney performed that work.

## VII.

As a consequence of the reports to Defendant about workplace injuries by Flores, Garrison, Warren, and Courtney (hereinafter "the Complainants"), defendant discriminated against the Complainants by taking disciplinary action, including issuing Performance Notices and Written Reminders. Defendant has failed and refused, and continues to fail and refuse, to remove the disciplinary actions from Complainants' employment records.

## VIII.

As a consequence of the reports to Defendant about workplace injuries by Flores, Garrison, Warren, and Courtney (hereinafter "the Complainants"), defendant further discriminated against the Complainants in that the disciplinary actions in Complainants' employment records may have interfered with opportunities for intra-company transfers and promotions.

## IX.

By the acts described in Paragraphs III to VIII above, Defendant did knowingly or maliciously discriminate and is discriminating against the Complainants because of their exercise of rights under or related to the Act, and thereby did engage in, and is engaging in conduct in violation of Section 11(c) of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees and those persons in active concert or participation with it, from violating the provisions of Section

7

11(c)(1) of the Act, and for such other and further relief as may be necessary and appropriate.

**FURTHER,** Plaintiff prays for judgment against Defendant, for removal of the disciplinary actions from Complainants' records, expungement of any mention of their protected activity, if any, from their employment records, the posting of a notice for employees stating that Defendant will not in any manner discriminate against employees because of their engagement in protected activities under Section 11(c) of the Act, for such other and further relief as may be necessary and appropriate, and for costs.

Respectfully submitted this 2nd day of May, 2014.

> M. Patricia Smith
> Solicitor of Labor
> Connecticut Bar #371708
>
> Christine Z. Heri
> Regional Solicitor
> IL Bar #6204656
>
> H. Alice Jacks
> Associate Regional Solicitor
> MO Bar #24482
>
> ___/s Aaron J. Rittmaster___
> Aaron J. Rittmaster
> Attorney
> MO Bar #51161
>
> Two Pershing Square Building
> 2300 Main Street, Suite 1020
> Kansas City, MO 64108
> (816) 285-7260
> (816) 285-7287 (fax)
>
> Attorneys for
> Secretary of Labor
> United States Department of Labor